```
              THE UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

C. DONALD WHEATLEY and         :    HON. JEROME B. SIMANDLE
FREDERICK G. LEVIN,            :
                               :
            Plaintiffs,        :
                               :
      v.                       :    Civil No. 06-5228 (JBS-KMW)
                               :
THE GUARDIAN LIFE INSURANCE    :
COMPANY OF AMERICA, et al.,    :
                               :
            Defendants.        :
                               :
_____:
                               :
                               :
RON GOLDBERG, ET AL.,          :
                               :
            Plaintiffs,        :
                               :    Civil No. 08-4294 (JBS-KMW)
      v.                       :
                               :
THE GUARDIAN LIFE INSURANCE    :
COMPANY OF AMERICA, et al.,    :
                               :
            Defendants.        :    **MEMORANDUM OPINION**
                               :

**SIMANDLE**, District Judge:

    This matter is before the Court upon Defendants' consolidated motion for summary judgment [Docket Item 47 in Civil No. 06-5228].[1]  THIS COURT FINDS AS FOLLOWS:

    1.  These two actions were consolidated for discovery purposes, and a consolidated motion for summary judgement was

---

[1] The motion was not entered on the docket of Civil Action No. 08-4294 and should be retroactively added there.

filed by Defendants addressing the similar contract claims made in both complaints and the constructive discharge claim made in the Goldberg Complaint.

2. Plaintiffs were Field Representatives (FR) — a kind of sales associate — for Defendants Guardian Life Insurance Company of America and the Guardian Insurance & Annuity Company, Inc. Plaintiffs claim that their employment contract with Defendants provided that they could choose the office to which they were assigned, and Defendants breached the contract by requiring them to work at a particular office. The relevant provision of the contract reads:

> The Field Representative shall be free to exercise his judgment as to the time and place of solicitation within the territory of persons acceptable to the Company, and as to the general conduct of his business, but he shall comply with and be bound by the rules of the Company now in force or as they hereafter may be amended or supplemented; such rules, however, are not to interfere with such freedom of action of the Field Representative.

(Wheatley Compl., Ex-A.)

3. Defendants' position is that this paragraph simply has nothing to do with which office an FR is assigned. Instead, they understand the provision to discuss how and where an FR solicits business within his territory.

4. In a prior opinion on summary judgment in Wheatley dismissing all claims except this contract claim, this Court found the language in the relevant provision to be ambiguous as

2

to the meaning of "freedom of action."  Wheatley v. Guardian Life Ins. Co. of America, Civil Action No. 06-5228, 2007 WL 2893383 (D.N.J. Sept. 28, 2007).  This Court allowed Plaintiffs to take discovery relating to industry customs and practices that might confirm Plaintiffs' reading of the disputed provision, so that Plaintiffs might meet their burden of proving that Defendants violated the contract.  Id. at *6.  In fact, the Court permitted such discovery relevant to this contract claim in each of the subject areas identified by Plaintiffs in their Rule 56(f) affidavit opposing summary judgment.  Id.  The present motion is Defendants' renewed motion upon the completion of that discovery.

    5.  The extrinsic evidence adduced by Plaintiffs does not resolve the interpretation of the ambiguous provision in their favor.  As recognized by this Court's prior opinion in this case, in order for industry custom to be relevant under New York law,[2] it must be "so well settled, so uniformly acted upon, and so long continued as to raise a fair presumption that it was known to both contracting parties and that they contracted in reference thereto."  Reuters Ltd. v. Dow Jones Telerate, Inc., 662 N.Y.S. 2d 450, 454 (N.Y. App. Div. 1997).  The Court doubts that the evidence presented demonstrates such a uniform custom, but need not reach that question because under New York law a presumption

---

[2] The Court previously found that the contract's choice-of-law provision means that New York law governs the contract claim in this dispute.

about the parties' intentions is not raised when the evidence makes clear that the custom was not "known to both contracting parties and that they contracted in reference thereto." Id.; British Intern. Ins. Co. Ltd. v. Seguros La Republica, S.A., 342 F.3d 78, 84 (2d Cir. 2003). Plaintiffs do not present evidence that they were aware of any industry custom relating to the assignment of FRs; on the contrary, all except Plaintiff Levin affirmatively state that they were not aware of any such custom or practice. (Wheatley Dep. 34:6-37:15; Goldberg Dep. 36:5-21; Wilderman Dep. 14:20-17:12; Boianelli Dep. 15:24-16:6.) Levin states that he did not have occasion to consider what happened when the office to which an FR was assigned was terminated, (Levin Dep. 26:2-4), and that he had not had any discussion prior to signing the agreement about Defendants' usual practice in such situations (Id. at 25:13-32:13.) Any presumption about the parties' intent that could theoretically be supported by reference to industry custom is negated by Plaintiffs' statements relating to their own lack of such understanding of custom. No other extrinsic evidence has been proffered from which one could reasonably conclude that the phrase "such freedom of action" with respect to solicitation of clients meant that the FR had the right to choose an agency for affiliation within the territory.

 6.  In the absence of relevant extrinsic evidence, Plaintiffs cannot carry their burden of proving that the

ambiguous contract language entitles them to relief. Defendant is therefore entitled to judgment as a matter of law on the contract claim.

7. Plaintiffs in <u>Goldberg</u> assert a claim of constructive discharge in addition to the contract claim discussed above. They make the claim without any reference to statutory or contractual language, apparently believing that the cause of action sounds in tort. (Pl.'s Sur-reply Opp. Summ J., at 7.) They argue that either Pennsylvania or New York law applies. (<u>Id.</u>)

8. Pennsylvania law does not permit the constructive discharge tort on the type of actions taken here. Because Pennsylvania is an at-will employment state, constructive discharge is available as a tort action only when the plaintiff proves that the discharge would "threaten clear mandates of public policy." <u>Kroen v. Bedway Security Agency, Inc.</u>, 633 A.2d 628, 632 (Pa. Super. Ct. 1993). Such a showing requires that "the employee point to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision." <u>McDaniel v. American Red Cross, Johnstown Region</u>, 58 F. Supp. 2d 628 (W.D. Pa. 1999) (quoting <u>Hunger v. Grand Cent. Sanitation</u>, 670 A.2d 173, 175 (Pa. Super. Ct. 1996)). Plaintiffs have made no attempt to do so here.

9. New York does not recognize a tort for wrongful

discharge.  Lobosco V. New York Telephone Company/NYNEX, 751 N.E.2d 462 (N.Y. 2001) ("New York does not recognize the tort of wrongful discharge, and there is no exception for firings that violate public policy, such as a discharge for exposing an employer's illegal activities.").

10.  Because neither set of Plaintiffs has met its burden of producing evidence that they are entitled to relief under the contract, nor have the Plaintiffs in Goldberg alleged a constructive discharge cause of action that is cognizable under either New York or Pennsylvania law, Defendants' motion for summary judgment will be granted in full.

11.  The accompanying Order shall be entered.


**December 16, 2009**                     　s/ Jerome B. Simandle　
Date                                       JEROME B. SIMANDLE
                                           United States District Judge

6